```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


JOHNNY WILLIAMS,                      )
                                      )
               Plaintiff,             )
       v.                             )
                                      )    No. 4:09CV1470-DJS
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
               Defendant.             )
```

**ORDER**

On August 16, 2007, plaintiff Johnny Williams applied for Disability Insurance Benefits and Supplemental Security Income pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, 1381 et seq., alleging a disability date of February 15, 2002. Plaintiff claimed that he has stomach tumors, stress, back pain, burning scalp, hair loss, headaches, stomach staples from a surgery, and shoulder pain. His applications were denied on initial consideration by the Social Security Administration ("SSA"), and plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ, after a hearing, denied plaintiff's claim for benefits. Plaintiff's request for a review before the Appeals Council was denied on July 17, 2009. Therefore, the ALJ's determination stands as the final decision of the Commissioner. See 42 U.S.C. §405(g).

Plaintiff filed this action challenging the decision of the Commissioner on September 16, 2009, and the matter was referred

to a United States Magistrate Judge pursuant to 28 U.S.C § 636(b)(1). The Magistrate Judge issued his Report and Recommendation ("R&R") on September 17, 2010, finding that the ALJ properly found treating physician Dr. Henry Bradford's opinion to be inconsistent with other record evidence, that the ALJ did not err in failing to refer plaintiff for a psychological consultative exam, and that substantial evidence supports the ALJ's decision not to incorporate all the limitations opined by Dr. Bradford in the RFC or hypothetical. Accordingly, the Magistrate Judge recommends that the final decision of the Commissioner of Social Security be affirmed under Sentence 4 of 42 U.S.C. § 405(g).

Now before the Court is the Magistrate Judge's R&R and plaintiff's objection thereto. Plaintiff contends that the Magistrate Judge improperly provided a basis for the ALJ's decision where the ALJ himself did not provide one. Further, plaintiff argues that the reasons given to consider Dr. Bradford's opinion as less than controlling are improperly based on the failure of other doctors, who were not seeing or treating plaintiff for foot problems, to observe or comment on problems relating to plaintiff's feet. Finally, plaintiff argues that the Magistrate Judge improperly concluded that the ALJ did not need to recontact Dr. Bradford about the ambiguity that the ALJ found in his opinions. For these reasons, plaintiff asks that the Court reject the Magistrate Judge's R&R and enter a judgment for plaintiff consistent with plaintiff's complaint.

Defendant opposes plaintiff's objections. Defendant states that the Magistrate Judge properly considered the inconsistencies between Dr. Bradford's opinion and the other medical evidence in finding that the ALJ assigned the appropriate weight to that opinion, and that the Magistrate Judge properly concluded that the ALJ gave good reasons for assigning less than controlling weight to Dr. Bradford's opinion. Further, defendant argues that the Magistrate Judge properly considered the inconsistencies between Dr. Bradford's opinion and treatment records from non-podiatrists in affirming the decision of the ALJ. Finally, defendant argues that the Magistrate Judge properly determined that the ALJ was not required to recontact Dr. Bradford for clarification of his opinion because the opinion on its face was inconsistent with the medical evidence. Defendant asks that the Court adopt and approve the R&R, and affirm the decision of the Commissioner.

The Court, pursuant to 28 U.S.C. § 636(b), reviews de novo those portions of the R&R to which objections are made. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The scope of the Court's de novo review of the final decision of the Commissioner is governed by 42 U.S.C. § 405(g). When reviewing an ALJ decision not to award disability benefits, the district court does not act as a fact-finder or substitute its judgment for the judgment of the ALJ or the Commissioner. Bates v. Chater, 54 F.3d 529, 532 (8th Cir. 1995).

Rather, the Commissioner's decision is conclusive if supported by substantial evidence on the record as a whole.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002).

The Court has reviewed the record, including plaintiff's complaint [Doc. #1], the administrative transcript [Doc. #10], plaintiff's briefs [Docs. #15, 22], and the government's brief [Doc. #21], and has conducted a de novo review of those portions of the R&R to which plaintiff has specifically objected.  The Court finds that, for the reasons stated by defendant in the response to plaintiff's objections, all of plaintiff's objections should be overruled.  Accordingly, the Court will adopt and approve the Magistrate Judge's R&R.

**IT IS HEREBY ORDERED** that plaintiff's objections to the Report and Recommendation of United States Magistrate Judge [Doc. #24] are overruled.

**IT IS FURTHER ORDERED** that the Court accepts and adopts the Magistrate Judge's Report and Recommendation [Doc. #23].

Dated this   30th    day of December, 2010.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE